IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>JAMES HAJNY,<br><br>          Defendant. | Case No: 16-05138-01-CV-SW-MDH<br>Crim. No: 14-05022-01-CR-SW-MDH |

## MOTION FOR ORDER

The United States of America respectfully moves the Court for: (1) an order directing Brian Risley, Criminal Justice Act (CJA) appointed attorney, to respond in writing to the allegations of ineffective assistance of counsel asserted in the § 2255 motion filed by the movant; and, (2) granting an extension of time until March 6, 2017, for the filing of the Government's answer to said § 2255 motion. The Government offers the following suggestions in support of its motion.

## SUGGESTIONS IN SUPPORT OF MOTION

1. The movant's § 2255 motion was filed on December 15, 2016. Movant seeks to have his convictions and sentence vacated, primarily based on allegations that the movant received ineffective assistance of counsel during his criminal prosecution in Case No. 14-05022-01-CR-SW-MDH. Movant's trial counsel during this criminal prosecution was CJA appointed attorney Brian Risley.

2. On January 6, 2017, the Court entered an order directing the United States to respond on or before February 6, 2017, showing cause why the motion should not be granted. The Government believes that the allegations of ineffective assistance of counsel are meritless and

1

intends to file a response opposing the motion to vacate the movant's convictions and sentence.

3. The Government provided CJA attorney Brian Risley with a copy of the movant's § 2255 motion and requested that Mr. Risley respond to the allegations that he had provided constitutionally deficient legal representation of the movant. In response, Mr. Risley responded to undersigned counsel that he is unable to provide a response to the movant's allegations without a court order directing him to provide a response. Mr. Risley further indicates that he will comply with a court order which directs him to respond to the ineffective assistance of counsel allegations leveled against him.

4. A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney necessary to disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974)("When a client calls into public question the competence of his attorney, the privilege is waived."); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009)(citing *Tasby*, 504 F.2d at 336); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005)(same); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003)(addressing scope of waiver); ABA Model Rules of Professional Conduct 1.6(b)(5)-(6)(providing guidance as to when a lawyer may reveal information relating to representation of a client). Therefore, counsel whose representation is challenged should be directed to cooperate with the Government and to provide information, documents, and/or an affidavit, if necessary, that is responsive to any ineffective assistance of counsel claim asserted by the movant.

5. A full and fair response to the movant's motion must include a response from Mr. Risley. In order to provide sufficient time for Mr. Risley to formulate a response, the Government is respectfully requesting an extension of time to respond to Movant's motion. This would permit the Government sufficient time to receive Mr. Risley's response and incorporate it

2

in the Government's response. A 30-day extension of time would move the due date from February 6, 2017, to March 6, 2017.

6. Additionally, due to budgeting restrictions, the Government was not able to order the transcripts required to respond to Movant's motion until February 1, 2017, from the court reporter. A 30-day extension would enable the Government to receive the transcripts and incorporate the facts necessary to support the Government's response.

WHEREFORE, the Government respectfully requests that this Court enter an order: (1) directing CJA appointed attorney Brian Risley to respond in writing to the allegations of ineffective assistance of counsel asserted in the § 2255 motion filed by the movant, and provide said written response to undersigned Government counsel; and (2) granting an extension of time until March 6, 2017, for the filing of the Government's answer to movant's § 2255 motion. Respectfully submitted,

            TAMMY DICKINSON
            United States Attorney

      By */s/ Ami Harshad Miller*

            AMI HARSHAD MILLER
            Assistant United States Attorney

            901 St. Louis, Suite 500
            Springfield, Missouri 65806
            Telephone: (417) 831-4406

            *Attorneys for Respondent*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on February 3, 2017, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record and mailed to the defendant at:

> James Hajny
> Reg. No. 1734226
> USP Tucson,
> PO Box 24550,
> Tucson, AZ 85734

> */s/ Ami Harshad Miller*
> Ami Harshad Miller
> Assistant United States Attorney